Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The Full Commission find as facts and conclude as matters of law the following which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act and the employment relationship existed between the parties at all relevant times.
2. Liberty Mutual Insurance Company was the carrier on the risk at the relevant time.
3. The parties stipulated into evidence the following:
a. I.C. Form 22;
b. 4 pages of work records from defendants;
c. 2 page recorded statement of Allen Styron;
d. 5 page recorded statement of plaintiff; and
e. 12 pages of medical reports.
4. The issue for determination is whether plaintiff sustained an injury by accident arising out of and in the course of his employment on November 2, 1992.
********
Based upon the competent evidence adduced from the record, the Full Commission make the following additional
FINDINGS OF FACT
1. At the time of the hearing, the plaintiff was a 42 year old male who began employment with defendant-employer in May of 1992.
2. In November of 1992, plaintiff was working as a ground man with Allen Styron, the brother of the owner of defendant-tree service. Plaintiff's duties included tree removal, cutting trees and loading the wood into the truck, loading brush, and hauling tree and brush to the dump.
3. The plaintiff contends that on November 2, 1992, while climbing into the back of defendant's truck, he fell and injured his right elbow. The plaintiff further testified that he told Allen Styron later that morning and that he sought medical attention for his elbow from Dr. Martin T. Lewis. However, this testimony is not accepted as credible.
4. The plaintiff had complained to Allen Styron regarding pains in his right elbow since the summer of 1992.
5. On November 2, 1992, Dr. Lewis noted plaintiff's chief complaint as back pain. He further noted that plaintiff "continues, also, to have some epicondylitis of the right elbow which he has complained of for several weeks. He has continued to work with this. Was given slip for x-ray on his request a week or so ago but has not had film."
6. The plaintiff continued to work until January 14, 1993, when Dr. Pate of Kinston Orthopedic Associates, placed him in a long arm synthetic cast.
7. It was not until January of 1993, when Dr. Pate took plaintiff out of work, that plaintiff advised Larry Styron, owner of defendant-employer of the alleged fall in the truck on November 2, 1992.
8. Thereafter, defendants reported the matter to their workers' compensation carrier, and prepared a Form 19 following which a recorded statement was taken by Myra Harrison on February 12, 1993. At that time, the plaintiff told Ms. Harrison that Allen Styron was present when he fell; however, he did not know whether Mr. Styron had observed the fall.
9. On February 24, 1993, Allen Styron gave a recorded statement at which time he advised Ms. Harrison that plaintiff never reported any alleged fall to him. Further, Mr. Styron stated that he and the plaintiff worked closely on the job, and if a fall had taken place, he would have been aware of it.
10. The plaintiff telephoned Larry Styron in November of 1992 for insurance information regarding a back problem, but at no time did the plaintiff discuss the alleged right elbow accident.
11. The greater weight of the evidence and the plaintiff's demeanor a the hearing suggests that plaintiff did not sustain an injury by accident arising out of and in the course of his employment, within the meaning of the Workers' Compensation Act.
********
The foregoing findings of fact engender the following additional
CONCLUSIONS OF LAW
1. The Industrial Commission is the sole judge of the credibility and the weight to be accorded to the evidence before it. Mayo v. City of Washington, 51 N.C. App. 402,276 S.E.2d 747 (1981). Plaintiff's testimony is not accepted as credible in this matter. On November 2, 1992, when the plaintiff was seen by Dr. Lewis, plaintiff's family doctor for 22 years, he did not report any fall alleged to have occurred on November 2. In fact, Dr. Lewis noted plaintiff's right elbow problem, which had existed prior to the November 2, 1992 appointment.
2. The plaintiff did not sustain an injury by accident on November 2, 1992.
*********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enter the following
AWARD
1. The plaintiff's claim is and under the law must be DENIED.
2. Each side shall bear its own costs.
 S/ _________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ _________________ J. RANDOLPH WARD COMMISSIONER
BSB:md